1  Lawrence A. Organ (SBN 175503)
   Zarrina Ozari (SBN 334443)
2  CALIFORNIA CIVIL RIGHTS LAW GROUP
3  332 San Anselmo Avenue
   San Anselmo, California 94960
4  Tel.:   (415) 453-4740
   Fax.:  (415) 785-7352
5  larry@civilrightsca.com
   zarrina@civilrightsca.com
6
7  Attorneys for Plaintiff
   JANE DOE
8

9             UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11
   JANE DOE, an individual,          ) Case No.: 5:21-cv-2108
12                                    )
              Plaintiff,              ) COMPLAINT FOR DAMAGES
13                                    )
         v.                          ) 1.  Violation of Title IX  20 U.S.C. §1681;
14                                    ) 2.  Sexual Harassment (Civil Code §51.9);
15 IDYLLWILD ARTS FOUNDATION d/b/a    ) 3.  Gender violence (Civil Code §52.4);
   IDYLLWILD ARTS ACADEMY; KEITH      ) 4.  Assault;
16 LEWIS; and DOES 1-10, inclusive,   ) 5.  Sexual Battery (Civil Code §1708.5)
                                      ) 6.  Negligence
17            Defendants.             ) 7.  Negligent Supervision;
18                                    ) 8.  Negligent Hiring and/or Retention;
                                      ) 9.  Breach of Fiduciary Duty;
19                                    ) 10. Intentional Infliction of Emotional
20 _____)      Distress.
21
22                             JURY TRIAL DEMANDED
23
24
25
26
27
28

**INTRODUCTION**

1.       Plaintiff Jane Doe (hereinafter "Plaintiff") is a female who was 16 years old when she was sexually assaulted, abused, and harassed by her instructor Defendant Lewis Keith. The name used by Jane Doe in this Complaint is not her actual name, but is fictitious name utilized to protect the privacy of Jane Doe, a victim of childhood sexual assault, abuse, and harassment.

2.       Plaintiff was an outgoing and dynamic girl who was enthusiastic about the film industry and film production. Academically strong, Plaintiff applied and was accepted to Idyllwild Arts Academy, a high school for the arts. Initially, she thrived in the environment at Idyllwild as she pursued her passion for film. However, Plaintiff's dreams were crushed when she was sexually assaulted, abused, and harassed by the person she looked up to – her instructor, mentor, and a famous actor – Keith Lewis. Plaintiff was only 16 years old when the sexual abuse took place. Defendant Lewis was 60 years old during that period and he was hired by Idyllwild Arts Academy to work on a film project with minors, including Plaintiff.

3.       At first, Plaintiff was afraid to report the sexual assault, abuse, and harassment because she did not want to ruin her classmates' opportunities to work with the famous actor. However, Plaintiff was unable to bear the abuse any longer and reported the sexual assault to the headteacher Annette Haywood Carter. Plaintiff expected to receive immediate protection from the predator that had been sexually abusing her for months. Instead, she was accused of causing the abuse. Ms. Carter commented on the size of Plaintiff's chest, suggesting that her chest had caused Lewis to abuse her. She also attempted to justify Lewis' actions by claiming that he was just a "touchy-feely guy." Ms. Carter was desperate in her attempts to conceal the awful acts of the sexual assault Plaintiff experienced and shift the burden to the victim.

4.       As a result of her treatment at Idyllwild Arts Academy, Plaintiff had to withdraw from school and receive therapy to help her cope with trauma.

5.       Plaintiff later discovered that the sexual abuse of minors was not new to Idyllwild as the school had previously employed another teacher/instructor who sexually assaulted and harassed minor students. In addition, Plaintiff is informed and believes that prior to the sexual

assault on Plaintiff, other students had been raped at Idyllwild Arts Academy.  But Idyllwild failed to inform prospective students of the prior incidence(s) and failed to take appropriate steps to inform students how to avoid sexually inappropriate behavior. In addition, Idyllwild failed to create adequate measures to ensure that future students were not sexually assaulted.

6.      Plaintiff brings this action pursuant to Title IX and Code of Civil Procedure §340.1 for the childhood assault she suffered at the hands of her instructor Defendant Lewis and through the concealment, neglect, and enablement by Defendants Idyllwild Arts Foundation and Does 1 through 10, inclusive.

## PARTIES

7.      Plaintiff Jane Doe, at all times mentioned herein, was a student at Defendant Idyllwild Arts Foundation, and was under the direction, control, and management of Defendants Idyllwild Arts Foundation and Does 1 through 10, inclusive, during the time she was subjected to childhood sexual assault by Defendant Lewis. By virtue of this relationship between Plaintiff and Defendants Idyllwild Arts Foundation, and Does 1 through 10, Defendants stood *in loco parentis* with Plaintiff, and created a special, trusting, fiduciary, and protective duty of care to Plaintiff, who was a minor in their custody, care, and control.

8.      Defendant Idyllwild Arts Foundation doing business as Idyllwild Arts Academy (hereinafter "Defendant" or "Idyllwild") is a non-profit corporation, organized and existing under the laws of the state of California, with its main offices located at 52500 Temecula Road #38, Idyllwild-Pine Cove, CA 92549. Plaintiff is informed and believes that Idyllwild is the recipient of federal funds thereby making it subject to Title IX.

9.      Defendants Keith Lewis, at all times mentioned herein, was and is an adult male individual. During the period of time in which childhood sexual assault, abuse, and harassment of Plaintiff took place, Defendant Lewis was an actor hired by Defendant Idyllwild to serve as an instructor, mentor, and advisor on a film project involving students of Idyllwild, including Plaintiff. At all times herein alleged, Defendant Lewis was an employee, agent, and/or servant of Defendant Idyllwild, and was under their complete control and/or active supervision.

10.     Defendant Does 1 through 10, inclusive, and each of them, are sued under said fictitious names, Plaintiff is ignorant to the true names and capacities of Doe Defendants, whether individual, corporate, associate, or otherwise, and therefore sue said Defendants by such fictitious names. When their true names and capacities are ascertained, Plaintiff will request leave of Court to amend this Complaint to state their true names and capacities herein.

11.     Plaintiff is informed and believes, and on this basis alleges that at all times mentioned herein, each Defendant was responsible in some manner or capacity for the occurrence herein alleged, and that Plaintiff's damages, as herein alleged, were proximately caused by all said Defendants. Defendants Idyllwild, Lewis, and Does 1 through 10, inclusive, are sometimes collectively referred to herein as "Defendants;" such collective reference refers to all specifically named Defendants.

12.     Plaintiff is informed and believes, and on this basis alleges that at all times mentioned herein, Defendants and each of them, were the agents, representatives and/or employees of each and every other Defendant. In doing the things hereinafter alleged, Defendants and each of them, were acting within the course and scope of said alternative personality, capacity, identity, agency, representation, and/or employment and were within the scope of their authority, whether actual or apparent.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 because the matter in controversy arises under the laws of the United States. Specifically, Plaintiff asserts a claim under Title IX of the Educational Amendment of 1972, 20 U.S.C. §1681, *et seq.* Additionally, this Court maintains supplemental jurisdiction over the claims in this matter, pursuant to 20 U.S.C. §1367 (a), which provides: "…in any civil action of which the district court have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

14.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Defendant Idyllwild Arts Foundation resides within this Court's judicial district and a substantial part of the events or omissions giving rise to the claims occurred within this district.

## **FACTUAL ALLEGATIONS**

15.     Plaintiff was a bright, talented, and outgoing high school student attending public high school in Marin County, California.  Plaintiff had a passion for the arts and performance and received a Marin County Award of her portrayal of the Defendant in a Mock Trial competition in 2018.  At the end of her sophomore year, Plaintiff was looking for a more focused high school experience and applied to Idyllwild Arts Academy located in Idyllwild, California.

16.     Idyllwild offered Plaintiff admittance to attend Idyllwild Arts Academy for the 2018-2019 academic year.  Idyllwild assured Plaintiff that "the Idyllwild Arts Academy provides pre-professional training in the arts and a comprehensive college preparatory curriculum to a diverse student body of gifted young artists from all over the world."  They also state that its "faculty, staff, and students share the common goal of creating an environment that will help you grow artistically, intellectually, and personally."  Idyllwild also assures children that they are safe through documents like their Handbook which notes that they have 24-hour security patrols. Idyllwild also assured Plaintiff that while attending Idyllwild, Plaintiff would not be subjected to sexual harassment and that she would be protected against sexual assault by faculty and fellow students.

17.     Initially, Plaintiff thrived at Idyllwild.  She made friends, was academically successful, and was learning and developing skills through Idyllwild's Film and Digital Media Program.  As part of her instructional program during the Spring Semester 2019, Plaintiff applied to be part of a project which was Idyllwild's first feature film project.  Her request was honored and she became part of the crew working on the project.  Her assigned duties included doing makeup for the project.

18.     During the Spring Semester of 2019, Idyllwild hired Keith Lewis, a 60-year-old

actor, to serve as an instructor for the film project. By hiring Lewis to serve as an instructor to work at Idyllwild and to work directly with minor students, Defendant Idyllwild held Defendant Lewis to the public, Plaintiff and her family to be of high ethical and moral repute, and to be in good standing with Defendant Idyllwild, the County of Riverside, the State of California, and the public. Defendant Idyllwild represented to the public, Plaintiff, and her family that Defendant Lewis was a highly qualified instructor who would assist Plaintiff through the film project. Inherent in these representations was the understanding that Defendant Lewis was selected to educate, lead, guide, and mentor Plaintiff. Plaintiff and her family reasonably assumed that Lewis was worthy of their trust. As a result, Lewis was put in a position to instruct, guide, mentor, and advise minor students at Idyllwild, including Plaintiff, regarding the film industry.

19.    At all times material hereto, Defendant Lewis was employed by Defendant Idyllwild as instructor, mentor, and advisor. In such capacities, Lewis was under the direct supervision, employ, agency, and control of Defendant Idyllwild and Does 1-10, inclusive.

20.    Throughout his position with Idyllwild, Lewis was put into direct contact with Plaintiff. Lewis was assigned to instruct, mentor, supervise, and advise Plaintiff. It is under these circumstances that Plaintiff came to be under the direction and control of Lewis, who used his position of authority and trust over Plaintiff to sexually assault, harass, and abuse her.

21.    Lewis did sexually assault, harass, and abuse Plaintiff, who was a minor at the time. Such conduct was done for Lewis' sexual gratification, and was performed on Plaintiff without her free consent, as Plaintiff was mere minor and thus unable to give valid, legal consent to such sexual acts.

22.    Beginning around late February through mid-to-late March, Lewis engaged in sexual assault, harassment, and abuse of Plaintiff on multiple occasions which continued at least until March 17, 2019.  Lewis's illegal conduct included physical assault and battery and verbal and visual harassment.

23.    On multiple occasions, Defendant Lewis touched Plaintiff's buttocks without her consent. On one occasion, Lewis removed all of his clothing, except for his underwear, and

while almost fully naked, asked Plaintiff, "How do you keep your vagina warm?" He also asked her to describe the type of underwear she was wearing.

24.     Lewis suggested that Plaintiff date him. He often told Plaintiff that she looked like a college student, and that he had "many relationships with college students."

25.     On another occasion, Plaintiff was applying make up on Lewis' hand as part of the film project. When Plaintiff placed Lewis' hand on her knees so as to apply makeup on his hand, he immediately and without her consent moved his hand up her thigh.

26.     Additionally, Defendant Lewis regularly arrived to work visibly intoxicated, which was noticed by students and Idyllwild employees.

27.     Plaintiff, who was a junior, initially did not report the conduct because the film project was a senior project and she did not want to ruin her classmates' opportunities to work with the famous actor.

28.     Eventually, in late-March 2019, Plaintiff reported the illegal conduct to Annette Haywood Carter.  Ms. Carter's response to Plaintiff report of harassment and assault was devastating to Plaintiff and evidenced a deliberate indifference to the nature of Plaintiff's claims of sexual harassment.  Rather than taking immediate action against Lewis and removing him from the film project, Ms. Carter commented on the size of Plaintiff's chest, suggesting that her chest had caused Lewis to abuse her. She then removed Plaintiff from the project suggesting that Plaintiff was the problem and not Lewis. Ms. Carter also attempted to conceal the sexual assault, harassment, and abuse by falsely stating that "nothing like this has happened at Idyllwild" and "he's just a touchy-feely guy."

29.     As it was later discovered, Defendant Lewis was a friend of one of the other teachers which is how he was hired.  In this way, it appears that Ms. Carter and other teachers at Idyllwild were trying to protect Mr. Lewis to Plaintiff's detriment.  Plaintiff is informed and believes that Mr. Lewis was not hired using Idyllwild's typical processes for hiring faculty.

30.     Plaintiff is informed and believes that Idyllwild failed to perform an adequate background check on Lewis.  Plaintiff is also informed that Lewis potentially had a history of

inappropriate conduct.  In addition, Idyllwild failed to adequately supervise Lewis who regularly arrived to work visibly intoxicated and was left alone during evening and late hours with minor students, including Plaintiff.

31.     Plaintiff is also informed and believes that prior to the sexual assault on Plaintiff, another teacher/instructor at Idyllwild was fired for sexual assault or harassment. In addition, Plaintiff is informed and believes that prior to the sexual assault on Plaintiff, other students had been raped at Idyllwild.  Plaintiff is informed and believed that despite this history of sexual harassment, Idyllwild failed to take steps to prevent similar conduct from recurring, failed to warn Plaintiff of the recurring sexual harassment, and intentionally covered up recurring sexual harassment. To the contrary, Idyllwild assured Plaintiff prior to her arriving at Idyllwild that her time there would be safe and secure and that her academic experience would be enriching. These assurances were false.

32.     The California Education Code requires that students in California High Schools must be provided an environment free from harassment on the basis of sex.  (Edu. C. §§ 212.5, 230).  Idyllwild failed to adhere to this provision and other provisions of the Education Code by failing to adequately screen Defendant Lewis and by allowing Defendant Lewis to work with Plaintiff in situations where he was able to sexually assault her.  Idyllwild then ratified Lewis's conduct by blaming Plaintiff for the conduct and suggesting Plaintiff acted inappropriately.

33.     In approximately April 2019, Plaintiff filed charges with the Riverside County Sheriff's Department.

34.     Plaintiff was eventually forced to withdraw from Idyllwild because it had failed to meet its obligations and duties as to Plaintiff. Plaintiff needed to have therapy relating to the emotional distress caused by her experiences at Idyllwild.

35.     As a consequence of Defendants' conduct, Plaintiff has suffered and will suffer psychological and emotional distress, humiliation, mental and physical pain and anguish, panic attacks, embarrassment, negative body image, increased self-consciousness and social anxiety.

36.     Plaintiff suffered economic and non-economic damages as a result of the above

events.  Plaintiff had to hire attorneys to prosecute this action and therefore seeks reasonable attorney's fees and costs.

37.    The conduct Defendants directed at Plaintiff was willful and malicious with the intent to harm Plaintiff, and in conscious disregard of Plaintiff's rights, because Defendants were on notice of other sexually harassing conduct and because it failed to adequately screen its faculty and instructors and failed to have policies that were sufficient to protect students against sexual assault.

38.    Plaintiff is informed and believes and thereon alleges that Defendant, by and through its principals, agents and employees, conducted itself unlawfully in violation of public policy and applicable law as described above with conscious disregard of the result or outcome of such act.  Defendant also ratified the conduct at issue because it acted in a way to blame the victim, in this case Plaintiff, thereby exacerbating the injury.

## FIRST CAUSE OF ACTION
### VIOLATION OF TITLE IX (20 U.S.C. §1681)
### (Against Defendants Idyllwild and Does 1 through 10)

39.    Plaintiff incorporates the foregoing paragraphs by reference, as though fully reproduced herein.

40.    Defendants were required under Title IX to investigate allegations of sexual assault, sexual harassment, and abuse.

41.    The U.S. Department of Education's Office of Civil Rights has explained that Title IX covers all programs of a school, and Title IX extends to sexual harassment and assault by employees, students, and third parties.

42.    Defendant Lewis' conduct and actions toward Plaintiff included, but was not limited to, Lewis isolating Plaintiff; touching her buttocks; touching her thigh; asking her to describe the type of underwear she was wearing; offering to date him; without Plaintiff's consent removing all of his clothing, except for his underwear, and while almost fully naked, asking Plaintiff, "How do you keep your vagina warm?"  Such conduct constitutes sex discrimination

under Title IX.

43.    Plaintiff reported sexual assault, harassment, and abuse to headteacher Ms. Carter.

44.    Defendants were obligated to address Plaintiff's reports and failed to do so.

45.    Defendant Lewis' sexual, assault, harassment, and abuse was severe, pervasive, objectively offensive, and created a hostile educational environment for Plaintiff based on her sex.

46.    Defendants Idyllwild and Does 1 through 10, inclusive, had actual knowledge that Plaintiff experienced sexual harassment, assault, and abuse based on a first-hand report by Plaintiff.

47.    The individuals with actual knowledge of Plaintiff's sexual assault, including Ms. Carter, had the authority and ability to investigate and take corrective action to address the sexual harassment, assault, and abuse.

48.    By its acts and omissions, Defendants were deliberately indifferent to Plaintiff's sexual harassment, assault, and abuse and created a hostile educational environment for her. Defendants Idyllwild and Does 1 through 10's deliberate indifference included, without limitations:

   a.  Failing to perform an adequate background check on Defendant Lewis;

   b.  Failing to adequately supervise Defendant Lewis who regularly arrived to the set visibly intoxicated;

   c.  Leaving Defendant Lewis alone during evening and late hours with minor students, including Plaintiff;

   d.  Failing to conduct an investigation of the sexual harassment report filed by Plaintiff;

   e.  Failing to take disciplinary action against Defendant Lewis;

   f.  Failing to notify Plaintiff and her parents of Plaintiff's rights under Title IX;

   g.  Removing and isolating Plaintiff from the Film Project instead of providing accommodation that would permit her to continue her education in a safe

environment;

    h.  Berating Plaintiff as she reported her assault, implying that she was lying, and blaming Plaintiff for the assault and suggesting Plaintiff acted inappropriately;

    i.  Failing to create, implement, distribute, and enforce sexual harassment policies and procedures in compliance with Title IX;

    j.  Failing to warn Plaintiff and her family of sexual assault and rape that took place prior to Plaintiff joining Idyllwild.

49.    Defendants Idyllwild and Does 1 through 10, inclusive, action or inaction caused Plaintiff to undergo sexual assault, harassment, and abuse.

50.    Defendants Idyllwild and Does 1 through 10, inclusive, deliberate indifference to Plaintiff's sexual assault, harassment, and abuse deprived her of access to educational opportunities and benefits provided by Idyllwild.

51.    As a direct and proximate result of Defendants' above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, embarrassment, increased self-consciousness, disgrace, humiliations, panic attacks, social anxiety, and loss of enjoyment of life; Plaintiff has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; Plaintiff will sustain loss of earnings and earning capacity, and/or has incurred and will incur expenses for medical and psychological treatment, therapy, and counseling, all in sum to be established according to proof at trial.

52.    As a result of the above conduct, Plaintiff has retained attorneys to prosecute this action. Plaintiff is therefore entitled to reasonable attorney's fees and costs incurred in bringing this action.

## SECOND CAUSE OF ACTION
### SEXUAL HARASSMENT (CIVIL CODE § 51.9)
### (Against All Defendants)

53.    Plaintiff incorporates the foregoing paragraphs by reference, as though fully

1  reproduced herein.

2       54.    Education Code § 220 states: "No person shall be subjected to discrimination on

3  the basis of disability, gender, gender identity, gender expression, nationality, race or ethnicity,

4  religion, sexual orientation, or any other characteristic that is contained in the definition of hate

5  crimes set forth in § 422.55 of the Penal Code in any program or activity conducted by an

6  educational institution that receives, or benefits from, state financial assistance or enrolls pupils

7  who receive state student financial aid."

8       55.    Education Code § 201 states: "All pupils have the right to participate fully in the

9  educational process, free from discrimination and harassment [...] California's schools have an

10  affirmative obligation to combat racism, sexism, and other forms of bias and a responsibility to

11  provide equal educational opportunity [...] Harassment on school grounds directed at an

12  individual on the basis of personal characteristics or status creates a hostile environment and

13  jeopardizes equal educational opportunity as guaranteed by the California Constitution and the

14  United States Constitution. It is the intent of the Legislature that this chapter shall be interpreted

15  as consistent with [...] Title IX of the Education Amendments of 1972 (20 U.S.C. Sec. 1681, et

16  seq.) [...] the Unruh Civil Rights Act (Secs. 51 to 53, incl., Civ. C.), and the Fair Employment

17  and Housing Act (Pt. 2.8 (commencing with Sec. 12900), Div. 3, Gov. C.), except where this

18  chapter may grant more protections or impose additional obligations, and that the remedies

19  provided herein shall not be the exclusive remedies, but may be combined with remedies that

20  may be provided by the above statutes."

21       56.    The California Supreme Court supports direct school liability for Civil Code §

22  51.9 sexual harassment. "School principals and other supervisory employees, to the extent their

23  duties include overseeing the education environment and the performance of teachers and

24  counselors, also have the responsibility of taking reasonable measures to guard pupils against

25  harassment…" C.A. v. William S. Hart Union High School Dist. (2012) 53 Cal.4th 861, 871.

26       57.    "A principal is liable when it ratifies an originally unauthorized tort. The failure to

27  discharge an agent or employee may be evidence of ratification…if the employer, after

28

1   knowledge or opportunity to learn of the agent's misconduct, continues the wrongdoer in service,

2   the employer may become an abettor and may make himself liable in punitive damages." Murillo

3   v. Rite Stuff Foods, Inc., 65 Cal. App. 4th 833, 838, 77 Cal. Rptr. 2d 12 (1998).

4       58.   Defendant Idyllwild and Does 1 through 10, ratified the sexually abusive conduct

5   of Defendant Lewis, knew of such conduct, but nevertheless concealed such knowledge and

6   continued to hire him as an instructor with Idyllwild allowing him to sexually assault, harass and

7   abuse Plaintiff.

8       59.   During Plaintiff's time at Idyllwild, Defendant Lewis intentionally, recklessly and

9   wantonly made sexual advances, solicitations, requests, demands for sexual compliance of a

10   hostile nature based on Plaintiff's gender that were unwelcome, pervasive and severe, including

11   but not limited to Defendant Lewis, all under the supervision of Defendants, who were acting in

12   the course and scope of their agency with Defendants and each of them. The sexual harassment

13   and assault as described herein included, but was not limited to, Lewis isolating Plaintiff;

14   touching her buttocks; touching her thigh; asking her to describe the type of underwear she was

15   wearing; offering to date him; without Plaintiff's consent removing all of his clothing, except for

16   his underwear, and while almost fully naked, asking Plaintiff, "How do you keep your vagina

17   warm?"

18       60.   The incidents of assault outlined herein above took place while Plaintiff was

19   under the control of Defendants, as well as Defendant Lewis and the staff of Defendants

20   Idyllwild and Does 1 through 10, in their capacity and position as teachers, counselors, mentors,

21   supervisors, and administrators at Defendants Idyllwild and Does 1 through 10, and while acting

22   specifically on behalf of Defendants.

23       61.   During Plaintiff's time as a minor at Defendant Idyllwild, Defendant Lewis

24   intentionally, recklessly, and wantonly did acts which resulted in psychological harm to Plaintiff

25   and in harmful and offensive contact with intimate parts of Plaintiff's person, including but not

26   limited to, using his position of authority and age to sexually harass Plaintiff.

27       62.   Even though Defendant Idyllwild and Does 1 through 10 knew or should have

28

known of these activities by Defendant Lewis, Defendants did nothing to investigate, supervise or monitor Defendant Lewis to ensure the safety of the minor Plaintiff, but instead ratified such conduct by retaining Defendant Lewis in employment and retaining the benefits of his employment.

63.     Defendants' conduct was a breach of their duties to Plaintiff.

64.     As a direct and proximate result of Defendants' above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, embarrassment, increased self-consciousness, disgrace, humiliations, panic attacks, social anxiety, and loss of enjoyment of life; Plaintiff has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; Plaintiff will sustain loss of earnings and earning capacity, and/or has incurred and will incur expenses for medical and psychological treatment, therapy, and counseling, , all in sum to be established according to proof at trial.

65.     As a proximate result of Defendants' above-described acts, Plaintiff is entitled to actual damages, compensatory damages, punitive damages, injunctive relief, any combination of those, or any other appropriate relief.

66.     As a result of the above conduct, Plaintiff has retained attorneys to prosecute this action. Plaintiff is therefore entitled to reasonable attorney's fees and costs incurred in bringing this action.

**THIRD CAUSE OF ACTION**
**GENDER VIOLENCE (CIVIL CODE §52.4)**
**(Against Defendant Lewis)**

67.     Plaintiff incorporates the foregoing paragraphs by reference, as though fully reproduced herein.

68.     Defendant Lewis' acts committed against Plaintiff, as alleged herein, including the sexual assault, harassment, and abuse of the minor Plaintiff constitute gender violence and a form of sex discrimination in that one or more of Defendant's acts would constitute a criminal

offense under state law that has as an element the use, attempted use, or threatened use of physical force against the person of another, committed at least in part based on the gender of the victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

69.     Defendant Lewis' acts committed against Plaintiff, as alleged herein, including the sexual assault, harassment, and abuse of Plaintiff constitutes gender violence and a form of sex discrimination in that Defendant Lewis' conduct caused a threatened physical intrusion or physical invasion of a sexual nature upon Plaintiff under coercive conditions, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

70.     As a direct result of the sexual assault, harassment, and abuse by Defendant Lewis, Plaintiff has difficulty in reasonably or meaningfully interacting with others, including those in positions of authority over Plaintiff including supervisors, and in intimate, confidential and familial relationships, due to the trauma of childhood sexual abuse inflicted upon her by Defendant Lewis. This inability to interact creates conflict with Plaintiff's values of trust and confidence in others, and has caused Plaintiff substantial emotional distress, anxiety, nervousness and fear.

71.     As a direct result of the sexual assault, harassment, and abuse by Defendant Lewis, Plaintiff has had issues with her personal life, as Plaintiff has issues with trust and is unable to maintain relationships. These feelings have caused Plaintiff substantial emotional distress, anxiety, nervousness and fear. They have and will continue to incur expenses for mental, psychological, psychiatric, and medical care due to the assault, according to proof at trial.

72.     Furthermore, Plaintiffs has suffered loss of past and future earnings and other economic benefits according to proof at the time of trial.

73.     As a proximate result of Defendant Lewis' acts, Plaintiff is entitled to actual damages, compensatory damages, punitive damages, injunctive relief, any combination of those, or any other appropriate relief pursuant to *Civil Code* § 3294 and *Civil Code* § 53. Plaintiff is also entitled to an award of attorney's fees and costs pursuant to *Civil Code* § 52.4, against

1  Defendant Lewis.

2                         **FOURTH CAUSE OF ACTION**
                                    **ASSAULT**
3                           **(Against Defendant Lewis)**

4       74.    Plaintiff incorporates the foregoing paragraphs by reference, as though fully

5  reproduced herein.

6       75.    Defendant Lewis, in doing the things alleged herein all while he was acting in the

7  course and scope of his agency/employment with Defendants Idyllwild and Does 1 through 10,

8  put Plaintiff in imminent apprehension of such contact or was intended to put Plaintiff in

9  imminent apprehension of such contact.

10      76.    In doing the things herein alleged, Plaintiff was put in imminent apprehension of a

11 harmful or offensive contact by Defendant Lewis, and actually believed Defendant Lewis had the

12 ability to make harmful or offensive contact with Plaintiff's person.

13      77.    Plaintiff did not consent to Defendant Lewis' intended harmful or offensive

14 contact with Plaintiff's person, or intent to put Plaintiff in imminent apprehension of such

15 contact. Additionally, because Plaintiff was a minor during the time herein alleged, she lacked

16 the ability to consent to sexual contact with any person, especially with an instructor, mentor,

17 and advisor and the school she attended.

18      78.    In doing things alleged herein, Defendant Lewis violated Plaintiff's rights,

19 pursuant to *Civil Code § 43*, of protection from bodily restraint or harm, and from personal

20 insult. In doing the things herein alleged, Defendant Lewis violated his duty, pursuant to *Civil*

21 *Code § 1708*, to abstain from injuring the Plaintiff's person or infringing upon her rights.

22      79.    As a direct and proximate result of Defendant Lewis' above-described conduct,

23 Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional

24 distress, embarrassment, increased self-consciousness, disgrace, humiliations, panic attacks,

25 social anxiety, and loss of enjoyment of life; Plaintiff has suffered and continues to suffer and

26 was prevented and will continue to be prevented from performing daily activities and obtaining

27

28                      Complaint for Damages and Demand for Jury Trial
                                              16

the full enjoyment of life; Plaintiff will sustain loss of earnings and earning capacity, and/or has incurred and will incur expenses for medical and psychological treatment, therapy, and counseling, all in sum to be established according to proof at trial.

80.    As a proximate result of Defendant Lewis' above-described acts, Plaintiff is entitled to actual damages, compensatory damages, punitive damages, injunctive relief, any combination of those, or any other appropriate relief.

81.    As a result of the above conduct, Plaintiff has retained attorneys to prosecute this action. Plaintiff is therefore entitled to reasonable attorney's fees and costs incurred in bringing this action.

### FIFTH CAUSE OF ACTION
### SEXUAL BATTERY (CIVIL CODE §1708.5)
### (Against Defendant Lewis)

82.    Plaintiff incorporates the foregoing paragraphs by reference, as though fully reproduced herein.

83.    During Plaintiff's time as a minor student at Idyllwild, Defendant Lewis intentionally, recklessly and wantonly did acts which were intended to, and did result in harmful and offensive contact with intimate parts of Plaintiff's person, including but not limited to Defendant Lewis: engaging in sexual touching of Plaintiff's buttocks and thigh.

84.    Defendant Lewis did the aforementioned acts with the intent to cause a harmful or offensive contact with intimate parts of Plaintiff's person and would offend a reasonable sense of personal dignity. Further, said acts did cause a harmful or offensive contact with intimate parts of Plaintiff's person that would offend a reasonable sense of personal dignity.

85.    Because of Defendant Lewis' position of authority over Plaintiff, and Plaintiff's mental and emotional state, and Plaintiff's young age, under the age of consent, Plaintiff was unable to, and did not, give meaningful consent to such acts.

86.    As a direct, legal and proximate result of the acts of Defendant Lewis, Plaintiff sustained serious and permanent injuries to her person, all to her damage in an amount to be

shown according to proof and within the jurisdiction of the Court.

87.     As a direct result of the sexual assault, harassment, and abuse by Defendant Lewis, Plaintiff has difficulty in reasonably or meaningfully interacting with others, including those in positions of authority over Plaintiff including supervisors, and in intimate, confidential and familial relationships, due to the trauma of childhood sexual abuse inflicted upon her by Defendant Lewis. This inability to interact creates conflict with Plaintiff's values of trust and confidence in others, and has caused Plaintiff substantial emotional distress, anxiety, nervousness and fear.

88.     As a direct result of the sexual assault, harassment, and abuse by Defendant Lewis, Plaintiff has had issues with her personal life, as Plaintiff has issues with trust and is unable to maintain relationships. These feelings have caused Plaintiff substantial emotional distress, anxiety, nervousness and fear. They have and will continue to incur expenses for mental, psychological, psychiatric, and medical care due to the assault, according to proof at trial.

89.     In subjecting Plaintiff to the wrongful treatment herein described, Defendant Lewis, acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard of Plaintiff's rights, so as to constitute malice, oppression and fraud under *California Civil Code § 3294*. Plaintiff is therefore entitled to the recovery of punitive damages, in an amount to be determined by the court, against Defendant Lewis, in a sum to be shown according to proof.

90.     As a result of the above conduct, Plaintiff has retained attorneys to prosecute this action. Plaintiff is therefore entitled to reasonable attorney's fees and costs incurred in bringing this action.

## SIXTH CAUSE OF ACTION
### NEGLIGENCE
### (Against All Defendants)

91.     Plaintiff incorporates the foregoing paragraphs by reference, as though fully

reproduced herein.

92.     Plaintiff is informed and believes, and on that basis alleges that prior to and after the first incident of Defendant Lewis' assault, harassment, and abuse of Plaintiff, Defendant Idyllwild knew or should have reasonably known that Defendant Lewis had or was capable of sexually harassing, and/or sexually abusing Plaintiff.

93.     As more fully set forth above, the conduct and actions of Defendants Idyllwild and Does 1 through 10 served to create environment in which Defendant Lewis was afforded access to Plaintiff who was a minor at the time of her sexual assault and harassment. These actions in arranging for the secluded access of Defendant Lewis to Plaintiff include, but are not limited to, arranging and allowing for Plaintiff to be alone with Defendant Lewis.

94.     Defendants had a special duty to protect Plaintiff within Idyllwild, when Plaintiff was entrusted to her care by her parents. Plaintiff's care, welfare, and physical custody was entrusted to Defendants. Defendants voluntarily accepted the entrusted care of the Plaintiff. As such, Defendants owed Plaintiff the higher duty of care that adults dealing with children owe to protect them from harm. The duty to protect and warn arose from the special, trusting, confidential, and fiduciary relationship between Defendants and Plaintiff. Plaintiff instilled great trust, faith, and confidence in Defendants Idyllwild, Lewis, and Does 1 through 10, as her instructors, mentors, and advisors.

95.     Defendants Idyllwild and Does 1 through 10 breached their duties of care to Plaintiff by allowing Defendant Lewis to come into contact with Plaintiff without supervision; by failing to perform adequate background check on Defendant Lewis; by allowing Defendant Lewis to be intoxicated around Plaintiff and other minors at Idyllwild; by failing to adequately hire, supervise, and retain Defendant Lewis who they permitted to enable to have access to Plaintiff; by failing to investigate or otherwise confirm or deny such facts about Defendant Lewis; by failing to tell or concealing from Plaintiff's parents and law enforcement officials that Defendant Lewis was or may have been sexually assaulting, harassing, and abusing Plaintiff, after Defendants knew or should have known that Defendant Lewis may have sexually harassed,

assaulted, and abused Plaintiff, thereby enabling Plaintiff to continue to be endangered and sexually assaulted, harassed, and abused; and by holding out Defendant Lewis to Plaintiff and her parent as being in good standing and trustworthy. Defendants cloaked within the façade of normalcy of Defendants' conduct and actions with Plaintiff and disguised the nature of the sexual assault, harassment, and abuse.

96.     Defendants breached their duty to Plaintiff by, inter alia, failing to investigate or otherwise confirm or deny such facts, failing to reveal such facts to Plaintiff, the community of the school, the community at large, and law enforcement agencies, placing and continuing to place Defendant Lewis in positions of trust and authority within Defendants Idyllwild and Does 1 through 10, and holding out, and continuing to hold out Defendant Lewis to Plaintiff, the public, the community of the school, and law enforcement agencies as being in good standing and trustworthy.

97.     Defendants breached their duty to Plaintiff by, inter alia, failing to inform Plaintiff that another teacher/instructor at Idyllwild was fired for sexual assault or harassment and that other students had been raped at Idyllwild.

98.     Defendants breached their duty to Plaintiff by, inter alia, failing to adequately monitor and supervise Defendant Lewis and stopping Defendant Lewis from committing wrongful sexual acts with Plaintiff.

99.     Under the Child Abuse and Neglect Reporting Act, Defendants, by and through their employees and agent, were child care custodian and were under a statutory duty to report known or suspected incidents of sexual harassment, molestation or abuse of minors to a child protective agency, pursuant to Penal Code §11166, and not to impede the filing of any such report.

100.    Defendants knew or should have known that Defendant Lewis had sexually assaulted, harassed, and abused Plaintiff, giving rise to a duty to report such conduct under California Penal Code §111666.

101.    Defendants know or should have known in the exercise of reasonable diligence,

that an undue risk to Plaintiff existed because Defendants did not comply with California's mandatory reporting requirements.

102.    By failing to report the continuing sexual assault, harassment, and abuse, which Defendants knew of or should have known of, and by ignoring the fulfillment of the mandatory compliance with the reporting requirements provided under California Penal Code §111666, Defendants created the risk and danger contemplated by the Child Abuse and Neglect Reporting Act, and as a result, unreasonably and wrongfully exposed Plaintiff to sexual assault, harassment, and abuse.

103.    Plaintiff was a member of the class for whose protection California Penal Code §111666 was specifically adopted to protect.

104.    Had Defendants adequately reported the sexual assault, harassment, and abuse as required by California Penal Code §111666, further harm to Plaintiff would have been avoided.

105.    As a direct and proximate result of Defendants' failure to follow the mandatory reporting requirements of California Penal Code §111666, Defendants wrongfully denied Plaintiff the intervention of child protection services.

106.    The physical, mental, and emotional damages and injuries resulting from the sexual assault, harassment, and abuse of Plaintiff by Defendant Lewis, were the type of occurrence and injuries that the Child Abuse and Neglect Reporting Act was designed to prevent.

107.    As a result, Defendants' failure to comply with the mandatory reporting requirements of California Penal Code §111666 also constituted a per se breach of Defendants' duties to Plaintiff.

108.    As a direct and proximate result of Defendants' above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, embarrassment, increased self-consciousness, disgrace, humiliations, panic attacks, social anxiety, and loss of enjoyment of life; Plaintiff has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; Plaintiff will sustain loss of earnings and earning capacity, and/or has

incurred and will incur expenses for medical and psychological treatment, therapy, and counseling, all in sum to be established according to proof at trial.

109.    As a proximate result of Defendants' above-described acts, Plaintiff is entitled to actual damages, compensatory damages, punitive damages, injunctive relief, any combination of those, or any other appropriate relief.

110.    As a result of the above conduct, Plaintiff has retained attorneys to prosecute this action. Plaintiff is therefore entitled to reasonable attorney's fees and costs incurred in bringing this action.

## SEVENTH CAUSE OF ACTION
### NEGLIGENT SUPERVISION
### (Against All Defendants)

111.    Plaintiff incorporates the foregoing paragraphs by reference, as though fully reproduced herein.

112.    Defendants Idyllwild and Does 1 through 10 knew or should have known that Defendant Lewis had or was capable of sexually assaulting, harassing, and abusing Plaintiff.

113.    Defendant had special duties to protect Plaintiff within Idyllwild, when Plaintiff was entrusted to her care by her parents. Plaintiff's care, welfare, and physical custody was entrusted to Defendants. Defendants voluntarily accepted the entrusted care of minor Plaintiff. As such, Defendants owed Plaintiff a special duty of care, in addition to a duty of ordinary care, and owed Plaintiff the higher duty of care that adults dealing with children owe to protect them from harm. The duty to protect and warn arose from the special, trusting, confidential, and fiduciary relationship between Defendants and Plaintiff. Plaintiff instilled great trust, faith, and confidence in Defendants Idyllwild and Does 1 through 10, and in Defendant Lewis as her instructor, mentor, and advisor.

114.    Defendant Idyllwild negligently and carelessly hired and retained its employees including, but not limited to, Defendant Lewis and Ms. Carter.  Idyllwild breached its duty to exercise reasonable care and acted negligently and carelessly in the hiring and retention of

Defendant Lewis and Ms. Carter by failing to properly screen, monitor, supervise and investigate the conduct of Defendant Lewis and Ms. Carter, and by failing to adequately reprimand and limit their harassing, retaliatory, and/or discriminatory behavior.

115. By virtue of Plaintiff's special relationship with Defendants Idyllwild, Lewis, and Does 1 through 10, Defendants owed Plaintiff a duty to provide reasonable supervision of Plaintiff, to provide reasonable supervision of Defendant Lewis, to use reasonable care in investigating Lewis' background and to provide adequate warning to Plaintiff and her family of Lewis' dangerous propensities and unfitness.

116. Plaintiff is informed and believes, and on that basis alleges, that Defendants Idyllwild and Does 1 through 10, by and through their respective agents, servants, and employees, knew or should have known of Defendant Lewis' dangerous propensities and exploitive propensities and/or that Lewis was an unfit agent. Despite such knowledge, Defendants Idyllwild and Does 1 though 10, inclusive, negligently failed to supervise Lewis in his position of trust and authority as authority figure and supervisor of Plaintiff, where he was able to commit wrongful acts against Plaintiff. Defendants Idyllwild and Does 1 through 10, inclusive, failed to provide reasonable supervision of Defendant Lewis, failed to use reasonable care in investigating Defendant Lewis' background, and failed to provide adequate warning to Plaintiff of Defendant Lewis' dangerous propensities and unfitness. Defendants Idyllwild and Does 1 through 10, inclusive, further failed to take reasonable measures to prevent sexual assault, harassment, and molestation of Plaintiff.

117. Plaintiff is informed and believes, and on that basis alleges, that at no time during the periods of time alleged did Defendants Idyllwild and Does 1 through 10 have in place a system or procedure to reasonably investigate, supervise, and/or monitor instructors, including Defendant Lewis, to prevent pre-sexual grooming and/or sexual assault harassment, and abuse of children, including Plaintiff, nor did they implement a system or procedure to oversee or monitor conduct toward minors under Defendants' care.

118. As a direct and proximate result of Defendants' above-described conduct,

Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, embarrassment, increased self-consciousness, disgrace, humiliations, panic attacks, social anxiety, and loss of enjoyment of life; Plaintiff has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; Plaintiff will sustain loss of earnings and earning capacity, and/or has incurred and will incur expenses for medical and psychological treatment, therapy, and counseling, all in sum to be established according to proof at trial.

119.    As a proximate result of Defendants' above-described acts, Plaintiff is entitled to actual damages, compensatory damages, punitive damages, injunctive relief, any combination of those, or any other appropriate relief.

120.    As a result of the above conduct, Plaintiff has retained attorneys to prosecute this action. Plaintiff is therefore entitled to reasonable attorney's fees and costs incurred in bringing this action.

## EIGHTH CAUSE OF ACTION
### NEGLIGENT HIRING AND RETENTION
### (Against All Defendants)

121.    Plaintiff incorporates the foregoing paragraphs by reference, as though fully reproduced herein.

122.    By virtue of Plaintiff's special relationship with Defendants Idyllwild and Does 1 through 10, and Defendants Idyllwild and Does 1 through 10 relation to Defendant Lewis, Defendants Idyllwild and Does 1 through 10 owed Plaintiff a duty to not hire or retain Lewis, given his dangerous and exploitive propensities, which Defendants Idyllwild and Does 1 through 10 knew or had reason to know about had they engaged in a reasonable, meaningful, and adequate investigation of his background prior to his hiring or retaining him in subsequent positions of employment.

123.    Defendants Idyllwild and Does 1 through 10, expressly and implicitly represented to Plaintiff and her parents that teachers, instructors, agents, mentors, including Defendant

1  Lewis, were not a sexual threat to Plaintiff or other minors who would fall under Defendant

2  Lewis' influence, control, directions, and guidance.

3        124.  At no time during the periods of time alleged did Defendants Idyllwild and Does

4  1 through 10 have in place a reasonable system or procedure to investigate, supervise and

5  monitor teachers, instructors, agents, mentors, including Defendant Lewis, to prevent pre-sexual

6  grooming or sexual harassment, molestation and abuse of children, nor did they implement a

7  system or procedure to oversee or monitor conduct toward minors, students and others in

8  Defendants' care.

9        125.  As a direct and proximate result of Defendants' above-described conduct,

10  Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional

11  distress, embarrassment, increased self-consciousness, disgrace, humiliations, panic attacks,

12  social anxiety, and loss of enjoyment of life; Plaintiff has suffered and continues to suffer and

13  was prevented and will continue to be prevented from performing daily activities and obtaining

14  the full enjoyment of life; Plaintiff will sustain loss of earnings and earning capacity, and/or has

15  incurred and will incur expenses for medical and psychological treatment, therapy, and

16  counseling, all in sum to be established according to proof at trial.

17        126.  As a proximate result of Defendants' above-described acts, Plaintiff is entitled to

18  actual damages, compensatory damages, punitive damages, injunctive relief, any combination of

19  those, or any other appropriate relief.

20        127.  As a result of the above conduct, Plaintiff has retained attorneys to prosecute this

21  action. Plaintiff is therefore entitled to reasonable attorney's fees and costs incurred in bringing

22  this action.

23                          **NINTH CAUSE OF ACTION**

24                **BREACH OF FIDUCIARY DUTY**

                 **(Against All Defendants)**

25        128.  Plaintiff incorporates the foregoing paragraphs by reference, as though fully

26  reproduced herein.

27

28

129.    Defendants, as school counselors, teachers, instructor, staff, faculty, administrators officials, were in a fiduciary relationship with Plaintiff, owing her a special duty of due care. All Defendants are mandated reporters with respect to claims of child abuse and child safety.

130.    Moreover, Defendants owed Plaintiff a statutory, common law and constitutional duty to protect her and guarantee her safety at school.

131.    Defendants breached their fiduciary duty by failing to perform an adequate background check on Lewis, properly supervise him, and take appropriate steps to prevent the lewd and lascivious conduct perpetrated by Lewis against Plaintiff. Defendants Idyllwild and Does 1 through 10 also failed to implement or follow appropriate policies and procedures to protect Plaintiff. In addition, Defendants Idyllwild and Does 1 through 10 failed to report Lewis' sexual assault, harassment, and abuse or promptly notify Plaintiff's parents.

132.    Defendants Idyllwild and Does 1 through 10 failed to report Defendant Lewis to law enforcement. The failure to report Defendant Lewis was willful and in conscious disregard of Plaintiff's safety and robbed law enforcement the opportunity to conduct its own independent investigation and subsequently concluding that Defendant Lewis was unfit to be an instructor for minors, including Plaintiff. This all led to Plaintiff being further exposed to Defendant Lewis' ongoing abuse.

133.    As a direct and proximate result of Defendants above-described conduct, Plaintiff have suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; has suffers and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or  has incurred and will incur expenses for medical and psychological treatment, therapy, and counseling.

134.    In subjecting the Plaintiff to the wrongful treatment herein described, Defendant Lewis acted willfully and maliciously with the intent to harm Plaintiff, and in conscious

disregard of Plaintiff's rights, so as to constitute malice and oppression under *California Civil Code §3294*. Plaintiff are therefore entitled to the recovery of punitive damages, in an amount to be determined by the court, against Defendant Lewis, in a sum to be shown according to proof.

135.    As a result of the above conduct, Plaintiff has retained attorneys to prosecute this action. Plaintiff is therefore entitled to reasonable attorney's fees and costs incurred in bringing this action.

**TENTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Against All Defendants)**

136.    Plaintiff incorporates the foregoing paragraphs by reference, as though fully reproduced herein.

137.    Plaintiff is informed and believes and thereon alleges that Defendants, by and through its principals, agents and employees, conducted itself unlawfully in violation of public policy and applicable law as described above with conscious disregard of the result or outcome of such act. Subjecting Plaintiff to the conduct described above was extreme and outrageous conduct by Defendants.

138.    Defendants' conduct toward Plaintiff, as described herein, was outrageous and extreme, and done with intent to cause injury or with reckless disregard to causing emotional distress, including, but not limited to the following facts:

      a. Failing to perform an adequate background check on Defendant Lewis;

      b. Failing to adequately supervise Defendant Lewis who regularly arrived to work visibly intoxicated;

      c. Leaving Defendant Lewis alone during evening and late hours with minor students, including Plaintiff;

      d. Failing to conduct an investigation of the sexual harassment report filed by Plaintiff;

      e. Failing to take disciplinary action against Defendant Lewis;

f.  Removing and isolating Plaintiff from the film project instead of providing accommodation that would permit her to continue her education in a safe environment;

g.  Berating Plaintiff as she reported her assault, implying that she was lying, and blaming Plaintiff for the assault and suggesting Plaintiff acted inappropriately;

h.  Assigning and continuing to assign Defendant Lewis to duties which placed him in positions of authority and trust over minors, including Plaintiff, positions in which Defendant Lewis could easily isolate and sexually harass, assault, and abuse Plaintiff.

i.  Failing to warn Plaintiff and her family of sexual assault and rape that took place prior to Plaintiff joining Idyllwild.

139.   At all relevant times, Defendants had actual or constructive knowledge of extreme and outrageous conduct described herein, and condoned, ratified and participated in such extreme and outrageous acts. Defendant Idyllwild is vicariously liable for the above conduct.

140.   Defendants' conduct described herein was intentional and malicious and done for the purpose of causing or with reckless disregard to Plaintiff, or with the substantial certainty that it would cause Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

141.   As a direct and proximate result of Defendant's willful, knowing and intentional acts, and Defendant's failure to act, Plaintiff has suffered and will continue to suffer mental distress and anguish. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

142.   In subjecting the Plaintiff to the wrongful treatment herein described, Defendant Lewis acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard of Plaintiff's rights, so as to constitute malice and oppression under California *Civil Code §3294*. Plaintiff are therefore entitled to the recovery of punitive damages, in an amount to be determined by the court, against Defendant Lewis, in a sum to be shown according to proof.

143.     As a result of the above conduct, Plaintiff has retained attorneys to prosecute this action. Plaintiff is therefore entitled to reasonable attorney's fees and costs incurred in bringing this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

a.       General damages according to proof, in an amount no less than the jurisdictional limit of this court;

b.       Special damages in amounts according to proof, together with prejudgment interest;

c.       Treble damages under Code of Civil Procedure § 340.1;

d.       Exemplary and punitive damages in amounts according to proof;

e.       Attorneys' fees and costs pursuant to Civil Code §51 and 52, Code of Civil Procedure §§ 1021.4 and 1021.5, and any other applicable statute;

f.       Interest as provided by law;

g.       Costs of suit incurred herein;

h.       Injunctive relief to require Defendant to better train its staff on sexual harassment, and develop effective policies and procedures to ensure that when harassment is reported, Idyllwild takes effective remedial measures; and

i.       For such other and further relief as the Court deems just and proper.

Dated: December 17, 2021            CALIFORNIA CIVIL RIGHTS LAW GROUP

_____
LAWRENCE A. ORGAN
ZARRINA OZARI
Attorneys for Plaintiff
JANE DOE

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a jury trial on all issues.

3

4   Dated: December 17, 2021         CALIFORNIA CIVIL RIGHTS LAW GROUP

5

6

7                         LAWRENCE A. ORGAN

8                         ZARRINA OZARI
Attorneys for Plaintiff

9                         JANE DOE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28