Lawrence A. Organ (SBN 175503)
Zarrina Ozari (SBN 334443)
CALIFORNIA CIVIL RIGHTS LAW GROUP
332 San Anselmo Avenue
San Anselmo, California 94960
Tel.:   (415) 453-4740
Fax.:   (415) 785-7352
Email: larry@civilrightsca.com
         zarrina@civilrightsca.com

Attorneys for Plaintiff
JANE DOE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual,<br><br>       Plaintiff,<br><br>       v.<br><br>IDYLLWILD ARTS FOUNDATION d/b/a IDYLLWILD ARTS ACADEMY; KEITH LEWIS; and DOES 1-10, inclusive,<br><br>       Defendants. | Case No.: 5:21-cv-2108<br><br>**NOTICE OF MOTION**<br><br>**MOTION FOR LEAVE TO COMMENCE AND PROCEED ANONYMOUSLY**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[COMPLAINT FAILED CONCURRENTLY HEREWITH]<br><br>Action Filed: December 17, 2021<br><br>Date: |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN THAT on a date to be set once the case is assigned to a District Judge, at the United States Courthouse located at First Street U.S. Courthouse U.S. Courthouse, 350 W 1st Street, Suite 4311, Los Angeles, CA 90012, Plaintiff JANE DOE, by and through her retained counsel, will and hereby do move to commence and proceed in this action using a pseudonym. Due to DOE being a minor at the time of the alleged conduct and the extremely sensitive nature of the allegations in DOE's Complaint, DOE justifiably fears shame, embarrassment, and retaliation from the public disclosure of her legal name.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, supporting documentation submitted herewith, the pleadings and papers filed in this action, and any further evidence and argument the Court may receive at or before the hearing.

Dated: December 16, 2021                    CALIFORNIA CIVIL RIGHTS LAW GROUP


By:  _/s/ Lawrence A. Organ_____
Lawrence A. Organ (SBN 175503)
Zarrina Ozari (SBN 334443)


*Attorneys for Plaintiff Jane Doe*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff JANE DOE (hereinafter "DOE") seeks authorization from this Court to file her complaint in the above-captioned matter as a pseudonymous plaintiff. Owing to DOE being a minor at the time of the alleged conduct, and the serious and personal nature of the allegations contained in the Complaint, DOE is justifiably concerned about the high possibility that she might face shame, embarrassment, or even additional abuse were her identity made public in this suit.

### II.  STATEMENT OF FACTS

DOE is a female who was 16 years old when she was admitted at Idyllwild Arts Foundation ("Idyllwild"). While under the care of Defendant Idyllwild, Defendant Keith Lewis ("Lewis") subjected DOE to sexual assault, sexual battery, and abuse. As a result of this abuse, DOE suffered violations of her rights under federal statutory law and state statutory law.

DOE applied and was accepted to Idyllwild Arts Academy, a high school for the arts, for the 2018-2019 academic year. During the Spring Semester 2019, DOE was accepted to be part of a film project. As part of the crew working on the project, DOE was assigned to do makeup for the project.

During the Spring Semester of 2019, Idyllwild hired Defendant Lewis, a 60-year-old actor, to serve as an instructor for the film project. Beginning around late February through mid-to-late March of 2019, Lewis engaged in sexual assault, sexual battery, and abuse of DOE on multiple occasions.

The incidents of sexual assault, sexual battery, and abuse included Defendant Lewis, on multiple occasions, touching DOE'S buttocks without her consent. One another occasion, DOE was applying makeup on Lewis' hand as part of the film project. When DOE placed Lewis' hand on her knees so as to apply makeup on his hand, he immediately and without her consent moved his hand up her thigh. During another incident, Defendant Lewis removed all of his clothing, except for his underwear, and while almost fully naked, asked DOE, "How do you keep your vagina warm?" He also asked her to describe the type of underwear she was wearing. Moreover,

Defendant Lewis suggested that DOE date him. The comments he made about dating included telling DOE she looked like a college student, followed by the statement that he had "many relationships with college students." Additionally, Defendant Lewis regularly arrived to work visibly intoxicated and was permitted to work with minors, including DOE, while under the influence of alcohol.

At first, DOE was afraid to report the sexual assault, battery, and abuse because she did not want to ruin her classmates' opportunities to work with the famous actor. However, DOE was unable to bear the abuse any longer and in late-March 2019 reported the illegal conduct to the headteacher Annette Haywood Carter. DOE expected to receive immediate protection from the predator that had been sexually abusing her for months. Instead, she was accused of causing the abuse. Ms. Carter commented on the size of DOE'S chest, suggesting that her chest had caused Lewis to abuse her. She then removed DOE from the film project, suggesting that DOE was the problem and not Lewis. Ms. Carter also attempted to justify Lewis' actions by claiming that he was just a "touchy-feely guy."

As was later discovered, Defendant Lewis was a friend of one of the teachers which is how he was hired.  In this way, it appears that Ms. Carter and other teachers at Idyllwild were trying to protect Defendant Lewis to DOE'S detriment. Due to his connections at Idyllwild, Lewis was not hired using Idyllwild's typical processes for hiring faculty. As a result, Idyllwild failed to perform an adequate background check on Defendant Lewis. DOE is informed and believes that Defendant Lewis potentially had a history of inappropriate conduct.

As a result of her treatment at Idyllwild Arts Academy, DOE had to withdraw from school and receive therapy to help her cope with trauma.

DOE'S substantial privacy interest regarding these deeply personal and degrading violations that occurred when she was a minor outweighs the public's interest in knowing her identity. DOE agrees to proceed as "Jane Doe," and does not object to providing her true, full name to Defendants at the appropriate time in the litigation, pursuant to a protective order barring further dissemination of that information and requiring all documents containing her true name to be filed under seal. Accordingly, granting DOE'S motion will in no way prejudice

Defendants. As such, DOE respectfully requests that the court permit to commence and proceed with this action using a pseudonym.

**III. ARGUMENT**

Generally, anonymous litigation is disfavored, because it impedes defendants' right to confront their accusers, and interferes with the public's right to open court proceedings. Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1042 (9th Cir., 2010) ("*Doe I*"). However, at its discretion, the court may permit a party to proceed pseudonymously in "unusual" cases. United States v. Doe, 655 F.2d 920, 922 n. 1 (9th Cir., 1981) ("*Doe II*"). A party may "preserve his or her anonymity… when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir., 2000) ("*Advanced Textile*"). Courts have found the need for anonymity to outweigh prejudice to the opposing party and the public's interest in knowing the identities of parties to a suit in three situations: "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution." Id. (internal citations, quotation marks, and brackets omitted).

In this case, the facts strongly weigh in favor of DOE'S motion to file this case using a pseudonym. Accordingly, this motion should be granted.

**A. Disclosure of DOE'S identity would reveal information that is of a highly sensitive and personal nature and identification of DOE would likely cause severe psychological harm and undue embarrassment to DOE.**

A plaintiff generally may proceed under initials or a pseudonym when asserting a claim based on sexual abuse or assault, especially where the plaintiff was a minor when the assault allegedly occurred. Jordan v. Gardner, 986 F.2d 1521, 1525 (9th Cir. 1993), ("In keeping with the tradition of not revealing names of the victims of sexual assault, we use initials here to protect the privacy of the [plaintiffs].") see also N.S. by & through Marble v. Rockett, No. 3:16-

CV-2171-AC, 2017 WL 1365223, at 2 (D. Or. Apr. 10, 2017) (internal quotations omitted). Such cases fall into the second category of cases identified in *Advanced Textile*: "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature." Adv. Textile Corp., 214 F.3d at 1068. For example, a court allowed an adult plaintiff to proceed using her initials when asserting claims arising from sexual assault that occurred when she was a minor. R.P. v. Seattle Sch. Dist*., No.* CI 3-2218-MJP, 2014 WL 639408, at 1–2 (W.D. Wash. Feb. 18, 2014).

In this instance, DOE was a minor at the time of the alleged sexual assault. While DOE is now an adult, she currently suffers from anxiety and depression and would experience psychological harm if her identity is revealed in this lawsuit. DOE also fears the social stigmatization and harassment that could occur were her identity disclosed.  DOE has a substantial privacy right in guarding the sensitive and highly personal information she must disclose in this litigation.

In evaluating what information constitutes that of a highly sensitive and protected nature, it is well established that victims of sexual assault, sexual battery, and abuse have a strong interest in protecting their identities, so that other victims will not be deterred from reporting such crimes. See Doe v. Blue Cross & Blue Shield United of Wisconsin*,* 112 F.3d 869, 872 (7th Cir. 1997) (fictitious names are allowed when necessary to protect the privacy of rape victims, and other particularly vulnerable parties or witnesses); Jane Doe v. Uber Technologies, Inc., 17-CV-00950-WHO, Doc. No. 27 (N.D. Cal. Oct. 15, 2015) (the right for privacy for sexual assault, physical assault … overcomes the right for the public interest to know their identities).

DOE has a strong interest in protecting her identity to ensure that other victims of sexual assault are not deterred from reporting the same crimes. As such, DOE'S right to protect her identity overcomes any public interest to reveal her identity. Disclosure of DOE'S identity will reveal information that is of a highly sensitive and personal nature, which weighs in favor of allowing DOE to proceed anonymously.

//

//

**B.  Defendants will not be prejudiced if DOE is permitted to proceed anonymously.**

The trial court must balance a plaintiff's desire for privacy and anonymity with the defendants' need to determine whether the plaintiff has standing, conduct meaningful discovery, and have a fair opportunity to mount a defense. See Advanced Textile, 214 F.3d 1058 (9th Cir. 1981). The prejudice to the defendant must be constantly evaluated – while defendants may not be prejudiced by not knowing the identity of the plaintiff at the outset of the proceedings, this deficit in knowledge may cause the defendants severe prejudice during discovery. Id. at 1069. At every stage, proceedings must be structured to mitigate this prejudice to the greatest degree possible. Id. Plaintiffs may reduce this prejudice by stipulating to protective orders or other sealing devices. E.E.O.C. v. ABM Industries Inc., 249 F.R.D. 588, 594 (E.D. Cal., 2008).

Here, DOE does not seek to impede defendants' right to conduct meaningful discovery. DOES is willing to provider her full name to Defendants, subject to a protective order that prohibits disclosure to any third parties. DOE also seeks redactions of her personally identifying information from the public docket and assurances that Defendants will not use or publish DOE'S identity pursuant to the protective order. Furthermore, there is no alternative mechanisms for protecting DOE'S identity. With this concession in place, Defendants will not be prejudiced if DOE'S motion is granted, and, therefore, this factor weighs in favor of allowing DOE to proceed anonymously.

**C.  The public will not be prejudiced if DOE is permitted to proceed anonymously.**

Finally, when evaluating a plaintiff's request to proceed anonymously, a court must balance a plaintiff's desire for privacy with the public's right to free access of the judicial system. Doe II, 596 F.3d at 1042 (9th Cir. 2010). Specifically, courts must consider whether "disguising plaintiffs' identities will obstruct public scrutiny of important issues in the case." Advanced Textile, 214 F.3d at 1072 (9th Cir., 2000).

Here, public interest is not harmed by allowing DOE to proceed anonymously. While the presumptive openness of proceedings is a cornerstone of the American legal system, there is a great interest in affording a victimized Plaintiff, such as Jane Doe, her day in court without the Defendant deterring her from pursing her claims by forcing DOE'S public identification. One of

the main deterrents to reporting sexual assault, sexual battery, and abuse is the victim's fear that her identity will become known. As such, victim's individual privacy right overcomes the public interest of knowing victim's identity. Society is better served by incentivizing victims of these horrific crimes to come forward, instead of enabling the perpetrator to remain unaccountable and continue to commit such crimes. Blue Cross, 112 F.3d. at 872; Advanced Textile Corp., 214 F.3d at 1072-73. As a result, public interest in these proceedings will not be prejudiced if the Court grants DOE's request to proceed anonymously.

**IV. CONCLUSION**

For the foregoing reasons, DOE requests that the court grant her Motion for Leave to Commence and Proceed Anonymously.

Dated: December 17, 2021                    CALIFORNIA CIVIL RIGHTS LAW GROUP

By: _____
Lawrence A. Organ (SBN 175503)
Zarrina Ozari (SBN 334443)

*Attorneys for Plaintiff Jane Doe*